**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH KIGGUNDU, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-1068 |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Joseph Kiggundu, proceeding *pro se*, filed this suit to prevent

foreclosure on his home.  He brings suit against multiple entities that allegedly are

involved in the attempted foreclosure.  The parties have filed cross-motions for

summary judgment, all of which are ripe for consideration.[1]  Having considered the

parties' briefing, the applicable legal authorities, and all matters of record, the Court

---

[1]     Plaintiff's Motion for Summary Judgment [Doc. # 12], Memorandum of Law in
Support of Motion for Summary Judgment [Doc. # 13], and Amended Memorandum
of Law in Support of Motion for Summary Judgment [Doc. # 15]; Defendants'
Motion to Dismiss and Cross-Motion for Summary Judgment [Doc. # 16]; Defendant
Real Time Resolution's Motion to Dismiss and, Subject Thereto, Response to
Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment
[Docs. # 17, # 18]; Defendants Barrett Daffin Frappier Turner & Engel, LLP, Rex
Kessler, T. Reder, J. Follis, N. Sanchez' Motion for Summary Judgment [Doc. # 19].

concludes that summary judgment for Plaintiff should be **denied** and summary judgment for Defendants should be **granted**.[2]

## I.    <u>BACKGROUND</u>

On October 12, 2006, Kiggundu purchased the subject property, located on Aldeburgh Court in Spring, Texas.  Plaintiff alleges that Defendants entered into a fraudulent scheme to foreclose upon the property.  He filed this suit on March 23, 2011, bringing claims for fraud, conspiracy, RICO violations, and among others. Plaintiff argues *inter alia* that none of Defendants can establish that it is the holder in due course of Plaintiff's debt; that Defendants have not identified the "true" loan holder; and that the chain of title was broken when the debt instrument was assigned and no record of the assignment was made with the Harris County Register of Deeds, as required by the Texas Property Code and the Pooling and Servicing Agreement.[3] Plaintiff therefore urges the Court to hold that Defendants have no valid interest in the subject property and are not entitled to foreclose on the property.

---

[2]    Plaintiff also has filed a Motion to Compel Production of Documents [Doc. # 4].  As discussed herein, the pertinent documents Plaintiff seeks were produced or discussed at the Court's preliminary injunction hearing on April 12, 2011.  *See* Minute Entry Order [Doc. # 14] (attaching exhibits).  Plaintiff's motion to compel therefore is **denied as moot**.

[3]    As an exhibit to his Response [Doc. # 22] to Defendants' summary judgment motions, Plaintiff submitted on CD-ROM the Pooling and Services Agreement upon which he relies.

On April 4, 2011, after holding a hearing, this Court granted Plaintiff's request for a temporary restraining order ("TRO") to the extent that the Court stayed the foreclosure on Plaintiff's home, which then was scheduled for April 5, 2011.[4]  The Court set a further hearing on April 12, 2011, to determine whether the TRO should be converted to a preliminary injunction.

At the preliminary injunction hearing on April 12, 2011, counsel for all parties were present.  The Court heard oral argument and testimony and received multiple exhibits into evidence.[5]  At the hearing, Defendants informed the Court that the foreclosure had been "pulled" and that there was no pending foreclosure.[6]  The issue of whether to extend the TRO therefore was moot.

When Plaintiff purchased the property on October 12, 2006, he received a loan from America's Wholesale Lender and signed a Note for the amount of $175,200.[7] The Note stated that America's Wholesale Lender "may transfer this Note" and that "anyone who takes this Note by transfer and who is entitled to receive payments under

---

[4]     Temporary Restraining Order and Order to Show Cause [Doc. # 9].

[5]     Hearing Minutes and Order [Doc. # 14] (attaching exhibits); Transcript [Doc. # 26].

[6]     Transcript [Doc. # 26], at 18.

[7]     Note [Doc. # 14-5].

this Note is called the 'Note Holder.'"[8]   At the bottom of the second page, above

Kiggundu's signature, the Note is stamped with a blank endorsement:

PAY TO THE ORDER OF
[BLANK]
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC., A NEW YORK CORPORATION
DOING BUSINESS AS AMERICA'S WHOLESALE LENDER
BY:  _____/S/_____
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

Kiggundu also signed a Deed of Trust dated October 12, 2006.[9]

Defendant Bank of New York Mellon ("BONY")[10] is in physical possession of

the original Note for the subject property, which BONY produced at the hearing on

April 12, 2011.[11]   BONY also is in physical possession of the original Deed of Trust

tied to the Note.[12]

---

[8]      *Id*. at 1.

[9]      Deed of Trust [Doc. # 14-6].

[10]     Plaintiff's Complaint names Bank of New York Mellon as a Defendant.  Defendants
         state that the proper name is Bank of New York Mellon f/k/a the Bank of New York,
         as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-
         35CB, Mortgage Pass-Through Certificates, Series 2006-35CB.  Doc. # 16, at 1.

[11]     Transcript [Doc. # 26], at 22-23.

[12]     *Id*. at 25.

Defendant BAC Home Loans Servicing, L.P. ("BAC")[13] is the mortgage servicer for BONY.[14]  Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the nominee and beneficiary of the lender, its successor and assigns under the Deed of Trust.[15]

Plaintiff has failed to make required payments and therefore is in default of the terms of the Note and Deed of Trust.[16]  The law firm of Barrett Daffin Frappier Turner & Engel LLP ("Barrett Daffin"), one of the Defendants in this action, was authorized by BAC to initiate legal proceedings in connection with the foreclosure of the subject property.[17]  Plaintiff also has named as Defendants Rex Kesler, T. Reder, J. Follis, and N. Sanchez, whom he identifies as "trustees" of Barrett Daffin.              Defendant Real

---

[13]    Plaintiff's complaint names as a Defendant Bank of America/BAC Home Loans f/k/a Countrywide Bank. Defendants state that the proper name is BAC Home Loans Servicing, L.P.  Doc. # 16, at 1.

[14]    Loan History from Bank of America Home Loans, dated April 4, 2011 [Doc. # 14-7] ("Loan History"); Letter from Bank of America to Plaintiff, dated April 16, 2011 [Doc. # 14-11].

[15]    Deed of Trust [Doc. # 14-6], at 2.

[16]    Loan History from Bank of America Home Loans, dated April 4, 2011 [Doc. # 14-7]; Payoff Demand Statement from Bank of America Home Loans, dated April 8, 2011 [Doc. # 14-8].  Both documents state at the bottom, "This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan."  *See* Transcript [Doc. # 26], at 30 (last payment was made in March 2010).

[17]    Letter from Barrett Daffin to Plaintiff, dated February 8, 2011 [Doc. # 14-9].

Time Resolutions, Inc. ("RTR")[18] is the servicer for the second lienholder on the subject property, Bank of America, N.A., which acquired Countrywide Bank, N.A. (collectively, "BOA").  BOA and RTR have not attempted to foreclose upon the second lien.[19]

The parties have filed cross-motions for summary judgment.  Defendants also move to dismiss certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6) Standard

Traditionally, courts hold that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted.[20]  The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.[21]  Nevertheless, "[t]hreadbare recitals

---

[18]    Plaintiff's Complaint incorrectly names RTR as Real Time Solutions.

[19]    Affidavit of Stewart Wayne, Senior Vice President of RTR (Exhibit A to Doc. # 18).

[20]    *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[21]    *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (continued...)

of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[22]   Legal conclusions "are not entitled to the assumption of truth,"[23] and although they "can provide the framework of a complaint, they must be supported by factual allegations."[24]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[26]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]   The determination of "whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its

---

[21]       (...continued)
          (2007) (internal citations omitted))).

[22]       *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

[23]       *Id.* at 1950.

[24]       *Id.*  "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.*

[25]       *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570).

[26]       *Id.* at 1950.

[27]       *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

judicial experience and common sense."[28]  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[29] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[30]  It is insufficient to plead facts that are "'merely consistent with' a defendant's liability."[31]

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto.[32]  Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[33]  "In so attaching,

---

[28]     *Id.* at 1950.

[29]     *Id.* (quoting FED. R. CIV. P. 8(a)(2) (alteration added by *Iqbal*)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556).

[30]     *Twombly*, 550 U.S. at 555 (internal citations omitted).

[31]     *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

[32]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

[33]     *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374
(continued...)

the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[34] These presumably are documents whose authenticity no party questions.

## B.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[35]  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue

---

[33]    (...continued)
(5th Cir. 2003).

[34]    *Collins*, 224 F.3d at 499.

[35]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

[36]    Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

of material fact."[37]  The moving party, however, need not negate the elements of the non-movant's case.[38]  The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[39]

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact.[40]  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[41]

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[42]  However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory

---

[37]     *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[38]     *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[39]     *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal citations and quotations omitted).

[40]     *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

[41]     *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[42]     *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

facts.'"[43]   The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[44]   Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[45]   Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[46]   In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[47]

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[48]   A party's self-serving and unsupported

---

[43]   *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

[44]   *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).

[45]   *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

[46]   *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[47]   *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

[48]   *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[49]

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[50]

## III.   ANALYSIS

The evidence admitted at the preliminary injunction hearing and submitted with the parties' summary judgment briefing establishes without contradiction that Defendant BONY has physical possession of the original Note and original Deed of Trust for the subject property.[51]   Under Texas law, because the Note bears a blank indorsement, physical possession of the Note establishes ownership and the right to collect.   Texas law provides as follows:

> If an indorsement is made by the holder of an instrument and it is not a special indorsement [identifying a person to whom the instrument is payable] , it is a "blank indorsement." ***When indorsed in blank, an***

---

[49]   *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

[50]   *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotations omitted).

[51]   Transcript [Doc. # 26], at 22-23, 25.

*instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.*[52]

Moreover, the lien securing Plaintiff's debt follows the Note.[53]   In addition, Defendants have produced an Assignment of Deed of Trust transferring the Deed of Trust to Defendant BONY.[54]   Therefore, BONY, being in physical possession of the original Note and Deed of Trust, has the documents that legally permit it to foreclose upon Plaintiff's property.[55]

Plaintiff argues that certain documents presented by Defendants are "fake."[56] However, he has presented no competent summary judgment evidence to support this contention and has failed to create a genuine question of material fact on this issue.

Plaintiff next argues that the "chain of title" for the Note is "broken," and that

---

[52]   TEX. BUS. & COM. CODE § 3.205(b) (emphasis added).

[53]   *In Re Eads*, 417 B.R. 728, 748 (E.D. Tex. 2009) ("Texas courts have followed this rule in cases in which a mortgage . . . on real estate was said to 'follow' the promissory note it secured") (citing cases).

[54]   Assignment of Deed of Trust [Doc. # 14-10].

[55]   There is no dispute that Plaintiff is in default for non-payment under the Note.

[56]   Plaintiff argues that the original Note presented by Defendants at the preliminary injunction hearing is fake because it is not a certified copy and because it bears a blank indorsement.  Doc. # 25, at 4-5.  He asserts that "[t]his proves that the instrument has never been in possession or owned by Bank of New York as Defendant attorneys would like the Honorable Judge to believe." *Id*. at 5.  As stated, BONY produced the original Note from its possession at the preliminary injunction hearing.

the Note was not properly recorded pursuant to the Pooling and Servicing Agreement

("Pooling Agreement").   Plaintiff argues that the Pooling Agreement requires

Defendants to record the loan in the County where the property is located.[57]   He

acknowledges that it is the investors in the relevant Trust (CWALT, Inc., Alternative

Loan Trust 2006-35CB, Mortgage Pass-Through Securities, Certificate Series 2006-

35CB ("CWALT")) that have the right to complain if the terms of the Pooling

Agreement are not followed,[58] and that he is not an investor in CWALT.[59]   Plaintiff's

arguments have no merit in connection with precluding Defendants' right to foreclose

under the Deed of Trust.   Plaintiff has cited no persuasive or even pertinent legal

authority to support his contentions that he can complain about any Pooling

Agreement violations,[60] and the statutes and case law cited above are dispositive of

BONY's right to seek a foreclosure.   Physical possession of the original Note signed

by Plaintiff and Deed of Trust (as assigned) in connection with his home purchase is

sufficient under Texas law to entitled the holder of the physical Note and Deed of

Trust to enforce that contract.   At the preliminary injunction hearing, Defendants

---

[57]      Transcript [Doc. # 26], at 65.

[58]      *Id*. at 66.

[59]      *Id*.  Counsel for Defendant BONY represented that BONY is the Trustee for the Trust, *id*. at 70-72, and Plaintiff has presented no evidence to the contrary.

[60]      The Court does not reach the issue of whether there are any such violations.

established that BONY has possession of both the original Note and Deed of Trust. Defendants therefore are entitled to enforce these documents by their terms.

With these preliminary holdings in mind, the Court now addresses each of Plaintiff's claims.

A.   **RICO Claims**

Plaintiff alleges that Defendants violated civil racketeering laws, specifically the Racketeer Influenced and Corrupt Organizations ("RICO") laws, 18 U.S.C. § 1962. Claims under the various provisions of the civil RICO statute, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise."[61] For the second element, "[a] pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity."[62] The predicate acts can be either state or federal crimes, but must be *criminal* acts.[63]

In this case, the record contains no evidence of criminal acts by any Defendant. To the contrary, as discussed above, Defendants have acted pursuant to well-

---

[61]   *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh,* 480 F.3d 351, 355 (5th Cir. 2007)).

[62]   *Id.*

[63]   *Id.*

recognized law in attempting to collect on the debt in question.  Because Plaintiff has failed to show a genuine issue of material fact regarding his RICO claims, summary judgment is granted for Defendants on all of Plaintiff's claims under 18 U.S.C. § 1962.[64]

### B.   **RESPA**

Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.  RESPA was enacted to prevent real estate consumers from being charged unnecessarily high real estate closing settlement fees caused by abusive practices such as kickbacks or fee-splitting.[65]

RESPA has a one-year statute of limitations for private plaintiffs.[66]   The limitations period is triggered by the real estate closing transaction at which the alleged abusive practices occurred.[67]

In this case, the real estate transaction at issue was completed on October 12, 2006.  Plaintiff did not bring this suit until March 23, 2011, more than four years after

---

[64]   In making this ruling the Court considered evidence admitted at the preliminary injunction hearing.  Because the Court relies on matters outside the pleadings, the motion is treated as a motion for summary judgment.  *See* FED. R. CIV. P. 12(b).

[65]   *Snow v. First Am. Title Ins. Co*., 332 F.3d 356, 358 (5th Cir. 2003).

[66]   12 U.S.C. § 2614; *Snow*, 332 F.3d at 358.

[67]   *Snow*, 332 F.3d at 349.

the closing.  Accordingly, his RESPA claims are time-barred and are dismissed under Rule 12(b)(6).

### C.   **Fair Debt Collections Practices Act**

Plaintiff alleges that the law firm attempting to collect on his debt, Defendant Barrett Daffin, violated the Federal Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  In particular, Plaintiff alleges that Barrett Daffin violated 15 U.S.C. § 1692g, which states that a "debt collector"[68] must provide certain written notices to the consumer regarding the debt when initiating collection procedures.  The FDCPA requires that, if a consumer disputes a debt after receiving the required notice, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."[69]  Plaintiff's Complaint alleges that, although he disputed the amount owed, Barrett Daffin refused to verify the debt.

---

[68]   Barrett Daffin argues that its activities in the attempted foreclosure on Plaintiff's property do not qualify as "debt collection" under the FDCPA.  The Court does not reach this issue.

[69]   15 U.S.C. § 1692g(b).

Defendant Barrett Daffin has submitted the notices it sent to Plaintiff in connection with the foreclosure on his property.  On February 8, 2011, Barrett Daffin sent Plaintiff a letter stating that they had been authorized by BAC to initiate legal proceedings in connection with the foreclosure, and advising Plaintiff of his right under the FDCPA to dispute the debt.[70]  Thereafter, Plaintiff disputed the debt.  Barrett Daffin then sent a letter dated March 3, 2011, which provided verification:

> In accordance with the Federal Fair Debt Collections Practice Act, as verification of the indebtedness, please find enclosed a copy of the Note and Deed of Trust executed by Joseph Ernest Kiggundu on October 12, 2006.[71]

On March 11, 2011, Barrett Daffin sent another letter which attached a copy of Plaintiff's payment history.[72]

The Fourth Circuit has held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."[73]  "Consistent with the legislative history, verification is only intended to 'eliminate the . . . problem of debt collectors dunning the wrong person

---

[70]   Exhibit 1 to Doc. # 19.

[71]   Exhibit 2 to Doc. # 19.

[72]   Exhibit 2 to Doc. # 19, at third unnumbered page.

[73]   *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).

or attempting to collect debts which the consumer has already paid.'"[74]  "There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."[75]

Barrett Daffin's correspondence with Plaintiff more than satisfied its obligation under § 1692g(b) to provide verification of the debt.[76]  Summary judgment is granted in favor of Defendants on Plaintiff's FDCPA claim.

### D.   Civil Conspiracy

Plaintiff alleges that Defendants committed civil conspiracy.[77]  An unlawful act is an essential element of Plaintiff's civil conspiracy claims:

> Under Texas law, the essential elements of a civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. Civil conspiracy requires specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.[78]

---

[74]   *Id.* (quoting S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

[75]   *Id.*

[76]   *See id.*

[77]   Plaintiff alleges conspiracy in several counts, naming the claim(s) as "conspiracy," "conspiracy to commit fraud," and "conspiracy to commit wrongful foreclosure."

[78]   *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005), *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)) (internal quotation marks omitted).

In this case, the record contains no evidence of any unlawful act by any Defendant. Although Plaintiff argues that Defendants are not entitled to foreclose upon the property, the evidence of record shows that BONY had physical possession of the Note and Deed of Trust, which entitles it to collect the debt and have Barrett Daffin foreclose on the associated security interest.  Summary judgment therefore must be granted for Defendants on Plaintiff's civil conspiracy claim.

### E.    Fraud Claims

Plaintiff brings various fraud claims against Defendants, alleging "fraud," "fraud by misrepresentation," and "fraud by omission and inducement."[79]  Under Texas law, the elements of a fraud claim are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.[80]

---

[79]    Plaintiff's fraud claim includes a purported cause of action pursuant to Texas Penal Code § 32.47(d)(2).  This claim fails as a matter of law because the Texas Penal Code does not create a private right of action.  TEX. CONST. ART. I § 30(e); *Brown v. De La Cruz*, 156 S.W.3d 560, 565-67 (Tex. 2004); *Allen v. Travis*, 2008 WL 1849171, *5 (N.D. Tex. Apr. 4, 2008) (Lynn, J.).

[80]    *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

As held above, Plaintiff has not presented competent evidence showing a genuine issue of material fact on the issue of false representations by Defendants. The record contains no evidence that Defendants made material, false representations in connection with the foreclosure on the subject property. Summary judgment therefore is granted for Defendants.

Moreover, the injury alleged by Plaintiff in connection with his fraud claims is economic loss related to two contracts: the Note and the Deed of Trust. "It is well-settled under Texas law . . . that, '[w]hen the injury is only the economic loss to the subject matter of a contract itself, the action sounds in contract alone.'"[81] For this additional reason, summary judgment is appropriate for Defendants on Plaintiff's fraud claims.

### F.     Texas Civil Practice and Remedies Code § 12.002

Plaintiff alleges that Defendants violated Texas Civil Practice and Remedies Code § 12.002. Section 12.002(a)(1) prohibits making, presenting or using a document with knowledge that the document is a fraudulent lien against real

---

[81]     *Wismer Distributing Co. v. Brink's, Inc.*, 202 F. App'x 729, 731 (5th Cir. 2006) (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 538 (5th Cir. 2003); *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991).

property.[82]  Defendants have presented summary judgment evidence that the Note and

Deed of Trust on the subject property are valid, and Plaintiff has presented no

competent evidence to the contrary.  Summary judgment therefore is granted for

Defendants on Plaintiff's § 12.002 claim..

### G.   Slander of Title

Plaintiff brings a claim for slander of title.  To recover in an action for slander

of title under Texas law, "a party must allege and prove: 1) the uttering and publishing

of disparaging words; 2) falsity; 3) malice; 4) special damages; 5) possession of an

estate or interest in the property disparaged; and 6) the loss of a specific sale."[83]   As

stated above, Plaintiff has offered no competent summary judgment evidence of false,

---

[82]   TEX. CIV. PRAC. & REM. CODE § 12.002(a) provides, "A person may not make, present, or use a document or other record with:  (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer:  (A) physical injury;  (B) financial injury; or (C) mental anguish or emotional distress."

[83]   *Duncan Land & Exploration, Inc. v. Littlepage*, 984 S.W.2d 318, 332 (Tex. App.—Ft. Worth 1998, pet. denied).  *See Jeanes v. Henderson*, 703 F.2d 855, 860 (5th Cir. 1983) (citing *American National Bank & Trust Co. v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312, 316 (Tex. Civ. App.—Beaumont 1979, writ ref'd n.r.e.)).

disparaging words.  Plaintiff also has failed to offer evidence of a loss of a specific sale.  Summary judgment is granted for Defendants on the slander of title claim.

## H.    Action to Remove Cloud from Title

Plaintiff brings a claim to quiet title or to remove cloud from title to the subject property.  To recover on a claim to quiet title, Plaintiff must prove that he has superior title to the property over Defendants.[84]  The suit "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any ***unlawful hindrance*** having the appearance of better right."[85]

As held above, Plaintiff has not demonstrated a genuine issue of material fact that BONY's claim to the property is invalid or an "unlawful hindrance" to Plaintiff's superior title.  Summary judgment is granted for Defendants on Plaintiff's claim to remove a cloud on the title to his property.

## I.    Reformation

---

[84]    *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994).

[85]    *Gordon v. West Houston Trees, Ltd.*,  2011 WL 1598790, *7 (Tex. App.—Hou. [1st Dist.] 2011) (internal quotation marks and citations omitted) (emphasis added).

Plaintiff seeks reformation of the loan agreements, asserting that Defendants intentionally misled him about the terms and conditions of the agreements.  Texas law regarding reformation is as follows:

> The underlying objective of reformation is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties. By implication, then, reformation requires two elements: (1) an original agreement and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing.[86]

Plaintiff has presented no evidence of mutual mistake.  Summary judgment is granted for Defendants on this claim.

## J.    Unjust Enrichment

Plaintiff asserts a claim for unjust enrichment resulting from Defendants' alleged deceptive scheme.  Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."[87]   As held above, Plaintiff has not demonstrated a genuine issue of material fact as to fraud or other undue advantage taken by Defendants.   Just as significantly, unjust enrichment is a quasi-contractual

---

[86]    *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987) (internal citations omitted).

[87]    *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

claim that is based on the absence of an express agreement.[88]  Here, there are express written agreements, the Note and Deed of Trust.  Summary judgment is granted for Defendants on Plaintiff's unjust enrichment claim.

## IV.   **CONCLUSION**

For all of the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Compel Production of Documents [Doc. # 4] is **DENIED as moot**.  It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 12] is **DENIED**.  It is further

**ORDERED** that Defendants' "Motion to Dismiss and Cross-Motion for Summary Judgment" [Doc. # 16] is **GRANTED**.  It is further

**ORDERED** that  Defendant Real Time Resolution's Motion to Dismiss and, Subject Thereto, Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment [Docs. # 17, # 18] is **GRANTED**.  It is further

**ORDERED** that Defendants Barrett Daffin Frappier Turner & Engel, LLP, Rex Kessler, T. Reder, J. Follis, N. Sanchez's Motion for Summary Judgment [Doc. # 19] is **GRANTED**.

A separate final judgment will issue.

---

[88]     *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).

SIGNED at Houston, Texas, this 30th day of **June, 2011**.

Nancy F. Atlas
United States District Judge